**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Rodriguez,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of<br>Social Security Administration,<br><br>    Defendant. | No. CV10-0511-PHX-DGC<br><br>**ORDER** |

Plaintiff Jorge Rodriguez applied for social security benefits on April 17, 2007, claiming to be disabled since February 7, 2007. Doc. 12, Tr. 109-19. The application was denied. Tr. 52-62, 64-70. A hearing before an Administrative Law Judge ("ALJ") was held on May 4, 2009. Tr. 32-51. The ALJ issued a written decision on September 14, 2009, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 15-23. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-3. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc 1. For reasons that follow, the Court will reverse Defendant's decision and remand the case for further proceedings.

**I.     Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error

1  or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194,
2  1198 (9th Cir. 2008).  In determining whether the decision is supported by substantial
3  evidence, the Court "must consider the entire record as a whole and may not affirm simply
4  by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II.    Analysis.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he is not currently working, (2) he has a severe impairment, and (3) his impairment meets or equals a listed impairment or (4) his residual functional capacity precludes him from performing his past work.  At step five, the Commissioner must show that the claimant is able to perform other work.  20 C.F.R. §§ 404.1520, 416.920.

The ALJ denied Plaintiff's claim at step two, finding that his degenerative disc disease and chest pain are not severe enough to preclude him from performing basic work activities. Tr. 17 ¶¶ 3-4.  Plaintiff argues that the ALJ erred in rejecting and misinterpreting the opinions of treating physicians.  Doc. 13.  The Court agrees.

Dr. William Masland began treating Plaintiff for chronic back pain in August 2005. Tr. 186.  He completed a medical assessment of Plaintiff's ability to do work-related activities on April 28, 2009. Tr. 24-27.  Dr. Marcia Mastrin, another treating physician, completed a similar assessment on July 16, 2008.  Tr. 332-34.  Both doctors opined that Plaintiff suffers from severe pain and has significant functional limitations.  Tr. 24-27, Tr. 332-34.  As Plaintiff's treating physicians, Drs. Masland and Mastrin are "employed to cure and [have] a greater opportunity to know and observe [Plaintiff] as an individual." *McCallister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).  Their opinions regarding the severity of Plaintiff's impairments are therefore entitled to "special weight," and if the ALJ chooses to disregard them, he must, at a minimum, "'set forth specific, legitimate reasons for doing so, and this decision itself must be supported by substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (1986)).

1 The ALJ's decision does not address Dr. Masland's assessment of April 28, 2009. The ALJ mistakenly attributed to Dr. Masland the assessment completed by Dr. Mastrin on July 16, 2008, and rejected it on the ground that "[Dr. Masland's] subsequent observations from December 2008 through March 2009 negate this opinion as he began to note that the claimant was 'bouncing around' and exhibiting no 'pain behavior' on several occasions[.]" Tr. 20.

The ALJ committed legal error in failing to address Dr. Masland's assessment. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). The ALJ cannot ignore limitations identified in that assessment absent a statement of legitimate reasons supported by substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Embrey*, 849 F.2d at 421. Moreover, the ALJ purported to give "substantial weight" to the opinions of Dr. Masland. Tr. 21. In the face of this endorsement, the ALJ's failure to accept Dr. Masland's assessment of Plaintiff's ability to do work-related activities – without specific and legitimate reasons for doing so – constitutes reversible error.

That error is harmless, Defendant contends, because Dr. Masland's assessment is inconsistent with his own findings and is nearly identical to the assessment provided by Dr. Mastrin, which the ALJ explicitly rejected. Doc. 18 at 10-12. The Court disagrees for two reasons. First, in concluding that Plaintiff suffers only from mild degenerative disc disease, the ALJ stated that "the record does not contain any opinions from treating or examining physicians indicating that the claimant has significant functional limitations in performing basic work activities[.]" Tr. 22. This statement is directly contradicted by Dr. Masland's assessment.

Second, the ALJ denied Plaintiff's claim at step two of the evaluation process, finding his impairments to be non-severe. "Great care should be exercised in applying the not severe impairment concept." SSR 85-28, 1985 WL 56856, at *4 (1985). "[T]he step-two inquiry is a de minimis screening device used to dispose of groundless claims." *Smolen*, 80 F.3d at 1290. "An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an

individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting *Smolen*, 80 F.3d at 1290). Given Plaintiff's minimal burden at step two, the ALJ's failure to address severe functional limitations opined to by a treating physician cannot be deemed "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Webb*, 433 F.3d at 687 (reversing ALJ's decision where the medical record included "evidence of problems sufficient to pass the de minimis threshold of step two"); *Crumly v. Astrue*, No. CV-08-674-TUC-RCC-CRP, 2010 WL 3023349, at *21 (D. Ariz. June 15, 2010) (the failure to properly evaluate a treating physician's opinion was not harmless).

Defendant contends that his decision denying benefits need not be reversed because Plaintiff raised Dr. Masland's assessment as an issue on appeal. Doc. 18 at 11; *see* Tr. 8. But the Appeals Council summarily denied Plaintiff's request for review without discussing that assessment or the ALJ's error in failing to consider it. Tr. 1-2. The action by the Appeals Council provides no basis for affirming Defendant's decision.

In summary, Defendant's decision must be reversed because the failure to address the medical assessment of Plaintiff's ability to do work-related activities (Tr. 24-27) constitutes legal error. *See Smolen*, 80 F.3d at 1286; *Ryan*, 528 F.3d at 1198.

**III.   Remedy.**

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). This Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where three conditions are met: the ALJ has failed to provide legally sufficient reasons for rejecting the evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

As discussed above, because the ALJ found that Plaintiff does not have a severe

1  impairment, he stopped his inquiry at step two rather than proceeding to the other questions
2  of the sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. There was no
3  testimony from a vocational expert that the functional limitations found by Dr. Masland
4  would render Plaintiff unable to engage in any work. In cases where the testimony of a
5  vocational expert has failed to address functional limitations as established by improperly
6  discredited evidence, this Circuit "consistently [has] remanded for further proceedings rather
7  than payment of benefits." *Harman*, 211 F.3d at 1180 (citation omitted). A remand for
8  further proceedings is appropriate in this case. *See Crumly*, 2010 WL 3023349, at *21.

9        With respect to the Dr. Masland's assessment of Plaintiff's ability to do work-related
10 activities (Tr. 24-27), the Court concludes that the opinions contained therein need not be
11 credited as true on remand. The credit-as-true rule applied in *Varney* and its progeny is
12 "specifically limited to cases 'where there are no outstanding issues that must be resolved
13 before a proper disability determination can be made[.]'" *Vasquez v. Astrue*, 572 F.3d 586,
14 593 (9th Cir. 2009) (quoting *Varney*, 859 F.2d at 1401). Because outstanding issues exist
15 in this case, and because "'there may be evidence in the record to which the Commissioner
16 can point to provide the requisite specific and legitimate or clear and convincing reasons for
17 disregarding'" the opinions of Dr. Masland, the Court declines to apply the credit-as-true
18 rule. *Santiago v. Astrue*, No. CIV 06-3052 PHX RCB, 2010 WL 466052, at *23 (D. Ariz.
19 Feb. 10, 2010) (citation and alterations omitted); *see Martin v. Astrue*, No. CV-08-2076-
20 PHX-JAT, 2010 WL 1194151, at *7-8 (D. Ariz. Mar. 22, 2010).

21       Plaintiff's reliance on *Pitzer v. Sullivan*, 908 F.2d 502 (9th Cir. 1990), is misplaced.
22 Tr. 13 at 6. The ALJ in that case erroneously found that the claimant did not meet a listed
23 impairment. *Pitzer*, 908 F.2d at 505-06 & n.3. The claimant was therefore "presumed
24 disabled, and no further inquiry [was] necessary." *Baxter v. Sullivan*, 923 F.2d 1391, 1395
25 (9th Cir. 1991); *see Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995) (listed impairments
26 are "so severe that they are irrebuttably presumed disabling, without any specific finding as
27 to the claimant's ability to perform his past relevant work or any other jobs").

28

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.

2. The case is remanded for further proceedings consistent with this order.

DATED this 12th day of November, 2010.

_____
David G. Campbell
United States District Judge